STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. FIREMEN'S FUND AMERICAN.

186 N. W. (2d) 534.

April 9, 1971—No. 42452.

*Coulter, Nelson & Sullivan* and *Lyle R. Frevert,* for appellant.
*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Odden, JJ.

PER CURIAM.

This appeal from a judgment of the Hennepin County Municipal Court raises the question of the liability of the two automobile insurance carriers which provided overlapping coverage to the driver of a vehicle owned by Southdale Ford and loaned to his family while his mother's vehicle was being repaired by the garage. Public liability of the customer's vehicle was carried by plaintiff insurance company, and such liability of the garage vehicle loaned to the customer was carried by defendant insurance company. The loaned automobile, while being driven by a member of the customer's family, collided with an automobile owned by a third party, and it is agreed that the customer was liable for the $296.45 damages. Plaintiff insurance company paid the damages to the third party and now seeks to recover indemnity from defendant insurance company.

The municipal court denied recovery on the ground that the two insurance carriers had settled the dispute at the time plaintiff paid the third party, and on the further ground that our recent decision holding the garage-owner's carrier primarily liable in an identical fact situation, Federal Ins. Co. v. Prestemon, 278 Minn. 218, 153 N. W. (2d) 429, should not be given retroactive effect.

Our examination of the record, plaintiff being the only party who has filed a brief, leaves no doubt in our mind that the finding of settlement is wholly without evidentiary support, and that the issue is, and must be, controlled by Federal Ins. Co. v. Prestemon, *supra*. That decision did not change fundamental existing law but only applied the rule of law first announced in Olson v. The Hertz Corp. 270 Minn. 223, 133 N. W. (2d) 519. Thus no question of retroactive application is involved, and accordingly the decision of the municipal court must be reversed with directions to enter judgment for the plaintiff.

Reversed.