T. Eugene THOMPSON, Appellant,

v.

Antonette GASPARRO, et al.,
Respondents,

Del Moen, et al., Defendants.

No. 45697.

Supreme Court of Minnesota.

Aug. 5, 1977.

Oppenheimer, Wolff, Foster, Shepard & Donnelly and Thomas P. Kane, St. Paul, for appellant.

PER CURIAM.

Respondents executed a promissory note for legal services payable to T. Eugene Thompson due April 18, 1961. The trial court held that Thompson was entitled to collect the principal amount of the note, attorneys fees, and costs, but limited the recoverable amount of interest. We reverse as to the limitation of interest.

On January 14, 1961, respondents executed a promissory note in the amount of $1,800 payable to Thompson on or before April 18, 1961, which they did not pay when due. In February 1962, Thompson commenced an action on the note, together with accrued interest, attorneys fees, costs, and disbursements. Respondents Del Moen and Thermo Products, Inc., made a motion for dismissal of the action on the note which was denied. In December 1963, Thompson was convicted of first-degree murder and sentenced to life imprisonment.

During his confinement, Thompson made numerous attempts to secure counsel in order to pursue his action on the promissory note. Finally, in March 1974, Thompson retained his present counsel whose motion for an order reinstating the action on the trial calendar was granted.

After a trial on the merits, the trial court entered judgment in favor of Thompson as to the principal amount of the note, as well as reasonable attorneys fees, costs, and disbursements. The promissory note provided that it would bear interest after maturity at "the highest rate per annum permitted by law." Thompson sought an interest charge based upon a 6-percent rate rather than the maximum legal rate of 8-percent per annum. The trial court granted

Thompson the requested 6-percent interest rate on the note but limited his total interest recovery to an amount which accrued from April 18, 1961, to December 6, 1963, the date of Thompson's conviction for first-degree murder. Thompson appeals from the judgment of the trial court in so far as it denies him accrued interest after the date of his incarceration.

Thompson contends that the decision denying him interest after the date of his conviction operates as a forfeiture of property in contravention of Minn.St. 631.471, which provides:

"Every convict sentenced to imprisonment shall be under the protection of the law, and any unauthorized injury to his person is punishable in the same manner as if he were not convicted or sentenced. *A conviction for any crime does not work a forfeiture of any property, real or personal, or of any right or interest therein.* * * * " (Italics supplied.)

The trial court was apparently cognizant of this statutory provision in reaching its decision to limit the interest recovery. Nevertheless, the court reasoned that since Thompson, through his conviction and subsequent imprisonment, unilaterally caused an undue delay in the proceedings, he should be denied recovery of the full amount of interest provided by the terms of the note.

We find ourselves in disagreement with the trial court on this issue. Respondents possessed an equal opportunity to halt the accrual of interest on the note. They could have appeared in court and move to strike the action from the trial calendar. The trial court determined that respondents did not have a valid defense to the obligation under the note. Thus, respondents also had the option, at any time, to pay the amount of the note in its entirety and thereby prevent the accrual of interest.

■ Interest is the payment of a reasonable sum for the loss of the use of money. *Potter v. Hartzell Propeller, Inc.,* 291 Minn. 513, 189 N.W.2d 499 (1971); *McCormack v. Hankscraft Co.,* 281 Minn. 571, 161 N.W.2d 523 (1968). In *General Mills, Inc. v.*

*State,* 303 Minn. 66, 71, 226 N.W.2d 296, 299 (1975), this court stated:

"Having decided that interest should be paid, we must also determine the period during which it will accrue. As between ordinary persons, interest on money runs from the time the money becomes due and payable until the payment is made."

See, generally, 47 C.J.S., Interest, § 26. It is rather obvious that interest expressly provided for in a promissory note is an enforceable property right of the creditor. It is a general rule that interest is an integral part of the debt and a claim for it must stand or fall with the principal debt. See, *Bourdeaux v. Gilbert Motor Co.,* 220 Minn. 538, 20 N.W.2d 393 (1945); 47 C.J.S., Interest, § 70.

■ Since the principal sum of the promissory note is valid and enforceable, the entire interest obligation accrued thereunder from April 18, 1961, to the date of the trial court judgment in the instant case is valid. To hold otherwise would be violative of the plain language and purpose of Minn.St. 631.471.

Reversed and remanded with instructions to enter judgment consistent with this opinion.