**Debra Burch HENNEKENS, Respondent,**

v.

**ALL NATION INSURANCE COMPANY, Appellant,**

**Mutual Service Casualty Insurance Company, Respondent.**

**No. 50270.**

Supreme Court of Minnesota.

July 3, 1980.

Rothstein, Kaplan & Wolf and Howard L. Kaplan, St. Paul, for appellant.

Paul G. Donlin, St. Paul, for Mutual Service Cas. Ins. Co.

Klas & Klas, St. Paul, for Hennekens.

SHERAN, Chief Justice.

Defendant All Nation Insurance Company appeals from the order of the Ramsey County District Court denying its post-trial motions and from the judgment entered pursuant thereto. We affirm.

Plaintiff Debra Burch Hennekens sought a declaratory judgment to determine the respective liability insurance coverage obligations of defendants All Nation Insurance Company and Mutual Service Casualty Insurance Company. The parties have stipulated to the facts underlying this controversy and the stipulation is set forth as follows:

1. On November 22, 1975, the day of the accident which is the subject matter of the above captioned litigation, Plaintiff Debra Burch Hennekens, was not married and was not residing with either her father, Gerald Burch, who was a Wisconsin resident, or the man she later married, Duane Hennekens. Plaintiff did not marry Duane Hennekens until October 16, 1976, approximately eleven months after the accident. For purposes of the issue before the Minnesota Supreme Court, it may be presumed that Plaintiff, Debra Burch Hennekens, was residing alone at the time of the accident and did not have any policy of automobile insurance in her own name.

2. At the time of the accident the vehicle which collided with the car in which Debra Burch Hennekens was a passenger was an uninsured vehicle pursuant to the terms of both the All Nation Insurance Company and Mutual Service Casualty Insurance Company policies of insurance applicable in this case.

3. As a result of this accident Debra Burch Hennekens sustained damages in excess of $15,000.

4. At the time of the accident Debra Burch Hennekens' father, Gerald Burch, owned five motor vehicles each of which was insured by Mutual Service Casualty Insurance Company, and each of the policies carried uninsured motorist coverage

in the amount of $15,000 per person and $30,000 per accident. Debra Burch Hennekens was an insured as defined in the policy of insurance issued by Mutual Service Casualty Insurance Company.

5. At the time of the accident Duane Hennekens was insured by All Nation Insurance Company and had uninsured motorist coverage in the amount of $25,000 per person and $50,000 per accident. Debra Burch Hennekens was also an insured as defined in the policy of insurance issued by All Nation Insurance Company.

6. At the time of the accident, November 22, 1975, Debra Burch Hennekens was a resident of the State of Minnesota.

7. Pursuant to the District Court's ruling in this case, the total amount of coverage available to Debra Burch Hennekens, should her damages justify the same, would be $75,000 from Mutual Service Casualty Insurance Company ($15,000 multiplied by the number of cars insured which was five) and $25,000 from All Nation Insurance Company.

8. Both the All Nation Insurance Company policy of insurance and the Mutual Service Casualty Insurance Company policy of insurance have the exact same language in their policies with respect to "other insurance". The provisions set forth in paragraph 5 of the All Nation Insurance Company policy and in paragraph 7 of the Mutual Service Casualty Insurance Company policy states as follows:

OTHER INSURANCE: With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

9. Mutual Service Casualty Insurance Company has paid Plaintiff $15,000 as of this date.

The district court concluded that the plaintiff should be permitted to stack the various policies so that Mutual Service would provide primary coverage not to exceed $15,000, All Nation would then provide up to $25,000 coverage and finally, Mutual Service again would provide coverage for the next $60,000 if such an amount would prove necessary by virtue of the award in the pending personal injury action. The district court relied upon *Integrity Mutual Ins. Co. v. State Automobile & Cas. Underwriters Ins. Co.*, 307 Minn. 173, 239 N.W.2d 445 (1976).

The sole issue presented is whether the district court erred in directing both defendant insurers to provide liability insurance coverage upon the priority of stacking employed in its decision.

It is the appellant All Nation's focal argument that inasmuch as the "other insurance" clauses of the two policies are identical, there is no conflict between them and any and all insurance available to the owner of the vehicle from Mutual Service is primary insurance and that of All Nation becomes secondary. Additionally, it suggests that this court need never reach the question of an application of the "closeness to the risk" doctrine and that the trial court erred in its implementation. *Olson v. Hertz Corp.*, 270 Minn. 223, 133 N.W.2d 519 (1965).

In *Integrity Mutual*, this court was required to determine the appropriate apportionment of liability between two insurers of the same risk when the policies of insur-

ance contained conflicting "other insurance" clauses. We there applied the considerations outlined in *Federal Ins. Co. v. Prestemon*, 278 Minn. 218, 153 N.W.2d 429 (1967), that the respective policy coverages should be allocated "in light of the total policy insuring intent, as determined by the primary policy risks upon which each policy's premiums were based and as determined by the primary function of each policy." 307 Minn. at 175, 239 N.W.2d at 446. Such an allocation is accomplished by "stacking" the coverages of a given risk in the order of their closeness to the risk.

The stacking priority in *Integrity Mutual* was essentially based upon the deceased driver's familial relationship with the insured and the existence of his own liability insurance coverage, leading the court to determine that the insuring intent was best satisfied by a finding that the coverage provided in connection with the vehicle involved in the collision was primary. The three coverages of the deceased driver's automobiles provided protection to him while he operated another vehicle and did not contemplate the specific risk as directly as that provided for the accident-causing instrumentality.

In the instant case, there is no dispute that the policy issued by Mutual Service to Gerald Burch providing coverage with respect to the vehicle involved in the collision was correctly found to provide primary coverage to the extent of its $15,000 policy limits. Coverage for any damages ultimately to be awarded to the plaintiff in excess of that $15,000 was contemplated by the remaining policies issued both to Burch and Duane Hennekens, but a determination as to the order of their application rests upon a determination as to which policy more directly and which incidentally contemplated the specific risk.

Although the question is not free from doubt, this court is of the view that the district court was correct in concluding that once the coverage for the specific instrumentality is exhausted, the next most closely connected coverage is that provided by All Nation. That policy contemplated that its insured Hennekens' operation of a vehicle would render that vehicle an "insured vehicle" and its occupant an additional insured. A more direct connection to the risk is found in the coverage providing protection for the operation of the accident-causing instrumentality than in that providing protection for other vehicles owned by Gerald Burch. Additionally, the insuring intent is furthered by this construction.

Therefore, although the decision in the *Integrity Mutual* case is factually distinguishable, the principles discussed therein are applicable to a resolution of this dispute.

Affirmed.