**Leila STREICH, et al., Respondents,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al., Appellants.**

**No. C0-83-577.**

Supreme Court of Minnesota.

Nov. 30, 1984.

Thomas W. Newcome, Victoria Newcome Johnson, J. Richard Bland, Robert E. Salmon, Minneapolis, for appellants.

Mark Reinhardt, Timothy J. Leer, St. Paul, for respondents.

Douglas J. Franzen, Richard L. Evans, Minneapolis, amicus curiae for Nat. Ass'n of Ind. Insurers, Alliance of American Insurers, American Insurers Ass'n and Ins. Fed. of Mn.

V. Owen Nelson, Kay N. Hunt, Minneapolis, amicus curiae for League Ins. Cos. Grinnell Ins. Co. and Goodville Mut. Ins. Co.

WAHL, Justice.

This case raises the issue of whether our decision in *Peterson v. Iowa Mutual Insurance Co.*, 315 N.W.2d 601 (Minn.1982), allowing stacking of income-loss benefits under no-fault insurance policies, should be applied retroactively. The Ramsey County District Court held that it should. American Family Mutual Insurance Company (American Family) appeals that judgment. We affirm.

Leila Streich sustained a gross weekly income loss of $357.43 as a result of injuries she received in an automobile accident

on September 9, 1981. At the time of the accident she was insured by American Family under two separate no-fault automobile insurance policies. Pursuant to its interpretation of Minn.Stat. § 65B.44, subd. 3 (1982), American Family paid Streich $200 per week in income-loss benefits. On February 12, 1982, we held in *Peterson* that income-loss benefits under two or more applicable no-fault policies of the same priority level may be stacked to the extent that the insureds receive 85% of their actual gross weekly wages. Five days later, Streich demanded that American Family pay her an extra $103.82 per week to bring the total amount of her income-loss benefits up to 85% of her gross weekly income. American Family refused her demand.

Streich then brought this class action seeking retroactive application of *Peterson*. Both parties moved for summary judgment on the retroactivity issue. The trial court granted Streich's motion and ordered payment of the difference between income-loss benefits already paid and 85% of her weekly gross wage, plus 15% interest on overdue payments.

■ The question before us is whether *Peterson* should be applied retroactively. The general rule is that "absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively only, the decision is to be given retroactive effect." *Hoff v. Kempton*, 317 N.W.2d 361, 363 (Minn.1982). We did not in any way limit the application of *Peterson* or indicate that it should have a prospective effect only.

■ In *Hoff*, we adopted the analysis of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), to determine when an exception to the general rule of retroactivity is appropriate. *Chevron* listed three factors to be considered. Analysis of the first factor, that "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied * * * or by deciding an issue of first impression whose resolution was not

clearly foreshadowed," 404 U.S. at 106, 92 S.Ct. at 355, is dispositive of the case before us.

*Peterson* did not overrule clear past precedent, nor was it a case of first impression so that American Family would have relied on anything other than its own interpretation of section 65B.44, subd. 3. *See Record v. Metropolitan Transit Commission*, 284 N.W.2d 542 (Minn.1979). Cases prior to *Peterson* foreshadowed the holding in that case. In *Wasche v. Milbank Mutual Insurance Co.*, 268 N.W.2d 913 (Minn. 1978), we determined that section 65B.44 did not preclude stacking economic-loss benefits. "This premise has survived the test of consideration by subsequent sessions of the state legislature. [Defendant] presents us with no evidence of a legislative intent to treat the rate-of-payment ceiling in section 65B.44, subd. 3, differently from the other limits set forth in section 65B.44." *Peterson*, 315 N.W.2d at 602. Thus, *Peterson* itself points to precedent that it followed rather than overruled. We also have decided other cases prior to *Peterson* that foreshadowed the result in that case. *See, e.g., Wallace v. Tri-State Insurance Co.*, 302 N.W.2d 337 (Minn.1980) (stacking of basic economic-loss benefits requires the injured person to be insured under two or more policies applicable at the same priority level); *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn. 1980) (underinsured motorist coverage may be stacked); and *Van Tassel v. Horace Mann Mutual Insurance Co.*, 296 Minn. 181, 207 N.W.2d 348 (1973) (pre-no-fault insurance, uninsured motorist benefits could be stacked).

The cases cited by American Family for the proposition that *Peterson* was an unexpected overruling of precedent, *Hennekens v. All Nation Insurance Co.*, 295 N.W.2d 84 (Minn.1980), and *Integrity Mutual Insurance Co. v. State Automobile & Casualty Underwriters Insurance Co.*, 307 Minn. 173, 239 N.W.2d 445 (1976), dealt with determining the relative liability between two insurers. The stacking issue in *Record v. Metropolitan Transit Commis-*

*sion* dealt with coordination between workers' compensation benefits and no-fault benefits. These cases were far less relevant to the issue before us in *Peterson* than those cited above. We hold that the decision in *Peterson* is to be applied retroactively because it did not overrule clear past precedent, was foreshadowed by earlier cases, and did not adopt a new rule of law.

■ Our determination that *Peterson* was foreshadowed by earlier decisions also answers appellant's assertion that to apply it retroactively is unconstitutional. American Family argues that retroactive application of *Peterson* would unconstitutionally impair its contract with Streich and deny it due process. *Hoven v. McCarthy Bros. Co.*, 163 Minn. 339, 340, 204 N.W. 29 (1925), cited in support of American Family's position, stated that a contract is impaired when a decision construing a statute is applied retroactively where that decision overturned an earlier decision construing the same statute differently. The *Hoven* court concluded, however, that the case there in question, *Kastner v. Andrews*, 49 N.D. 1059, 194 N.W. 824 (N.D.1923), did not overrule any prior decision but was in fact consistent with prior decisions. 163 Minn. at 341–42, 204 N.W. at 30. That is precisely the case here. Since *Peterson* did not overrule any prior case and we have determined above that it was foreshadowed by earlier cases, there was no impairment of contract. There is also no unconstitutional taking of property in violation of due process. The only property taken from American Family by applying *Peterson* retroactively is its asserted contractual right to pay less income-loss benefits to Streich. American Family does not have that contractual right. Its contract with Streich necessarily incorporated the provisions of Minnesota's No Fault Automobile Insurance Act, including section 65B.44, subd. 3, as interpreted in *Peterson*. The extent of an insurer's liability is governed by the contract between the parties only as long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes. *American Family Insurance Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn.1983). *Peterson* was not a drastic change in legal rules resulting in disruptive impact on the defendant as in *Arizona Governing Committee. for Tax Deferred Annuities and Deferred Compensation Plans v. Norris*, 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983), but only an interpretation of one of the terms of a no-fault insurance contract as to the payment of income-loss benefits that was consistent with prior interpretations of similar terms of the same statute. *Peterson* construed section 65B.44, subd. 3, and thereby interpreted one of the terms of a no-fault insurance contract. Applying *Peterson* retroactively results in the interpretation of all no-fault contracts uniformly where the payment of income-loss benefits is at issue. There is nothing unconstitutional in the retroactive application of *Peterson* to no-fault insurance contracts.

■ American Family finally argues that the retroactive application of *Peterson* will result in an administrative and financial burden for insurance companies and a windfall for insureds, especially in light of the trial court's imposition of the statutory penalty, 15% interest, on overdue payments. Minn.Stat. § 65B.54, subd. 2 (1982). This issue was settled in *Record v. Metropolitan Transit Commission*, 284 N.W.2d at 548:

> We are not persuaded by MTC's position. The present case does not involve a situation where this court will overturn a common-law rule or change a longstanding interpretation of a statute. In deciding the amount of no-fault income loss benefits owed to plaintiff, MTC did not rely upon any decision of this court. MTC simply relied upon how it believed the no-fault act would be interpreted. Since the inception of the no-fault act, MTC could have prepared for the liabilities exemplified in this case either by setting its insurance reserves or by seeking declaratory judgment.

The legislature has determined that when overdue no-fault benefits are paid, they are

to include 15% per annum interest. In this case, the difference between what American Family paid in income-loss benefits after Streich's demand for stacking under *Peterson* and what she should have received given the interpretation of section 65B.44, subd. 3 in that case, is overdue and must carry the statutory 15% penalty.

We affirm the judgment of the Ramsey County District Court and remand for further proceedings.

Affirmed and remanded.

COYNE, J., took no part.

KELLEY, Justice (dissenting).

I dissent from that part of the opinion that the appellant must pay the statutory interest payments from the time of the accident. At best, it should only have to pay the penalty on those unpaid benefits from the time of Streich's demand—five days after Peterson. In my view, at least to that point, appellant was justified on relying on information received from the Minnesota Department of Commerce.