Stuart L. **BURNIECE**, Respondent,

v.

**ILLINOIS FARMERS INSURANCE COMPANY**, Petitioner, Appellant.

No. CO-85-2172.

Supreme Court of Minnesota.

Jan. 2, 1987.

Eric J. Magnuson, Louise A. Dovre, Jeanne H. Unger, Minneapolis, for appellant.

Peter W. Riley, Frances S. Li, Minneapolis, for respondent.

SCOTT, Justice.

Stuart Burniece ("Burniece") was injured in an automobile accident on March 29, 1977. At the time of that accident, Burniece was the named insured under two policies of insurance issued by Illinois Farmers Insurance Company ("Illinois Farmers"). These policies provided income loss benefits pursuant to Minn.Stat. § 65B.44, subd. 3 (1984), which provides: "Disability and income loss benefits shall provide compensation for 85 percent of the injured person's loss of present and future gross income from inability to work proximately caused by the nonfatal injury subject to a maximum of $200 per week." Because of his injuries, Burniece missed 20 weeks of work, and his income loss was $407.50 per week. Illinois Farmers paid Burniece $200.00 per week pursuant to its interpretation of section 65B.44, subd. 3.

In 1982, this court held that income loss benefits under the Minnesota No-Fault Automobile Insurance Act may be stacked concurrently, entitling an insured to receive up to $200.00 per week from each policy. *Peterson v. Iowa Mut. Ins. Co.*, 315 N.W.2d 601, 602 (Minn.1982). Following the *Peterson* decision, Burniece commenced the present action, seeking an additional $146.38 for each week of disability ($146.38 represents the difference between the $200.00 per week paid by Illinois Farmers and 85 percent of Burniece's lost wages), prejudgment interest, and attorney fees. Illinois Farmers' answer of October 13, 1982, denied any further liability.

Burniece moved for summary judgment on his complaint, and the district court stayed his motion because *Streich v. American Family Mut. Ins. Co.*, 358 N.W.2d 396 (Minn.1984), addressing the issue of the retroactive application of *Peterson*, was pending before this court. After this court decided in *Streich* that *Peterson* had retroactive application, Illinois Farmers paid Burniece $6,146.50 for the overdue wage loss and the interest due under Minn.Stat. § 65B.54, subd. 2 (1984) of the Minnesota No-Fault Automobile Insurance Act.

Burniece again moved for summary judgment, asking the court to determine the amount of interest owing under section 65B.54, subd. 2, and also asking for prejudgment interest under Minn.Stat. § 549.-09 (1984), and for attorney fees. The district court found that Burniece was entitled to $2,927.60 in unpaid wage loss benefits, $3,351.00 in interest pursuant to section 65B.54, subd. 2, and $1,181.59 in prejudgment interest pursuant to Minn.Stat. § 549.09, but that he was not entitled to an award of attorney fees.

Illinois Farmers appealed, and, in a 2–1 decision, the court of appeals affirmed. *See Burniece v. Illinois Farmers Ins. Co.*, 384 N.W.2d 615 (Minn.Ct.App.1986).

The issue before this court is one of first impression: when an insured is properly awarded interest at the rate of 15 percent for overdue payments under Minn.Stat. § 65B.54, subd. 2, of the Minnesota No-Fault Automobile Insurance Act, does that award preclude an additional award of prejudgment interest under Minn.Stat. § 549.-09?

Section 65B.54, subd. 2, provides that when an insurer is overdue in its payments to the insured, the overdue payments "shall bear simple interest at the rate of 15 percent per annum." In 1984, section 549.09 was amended to read, "(b) *Except as otherwise provided by contract or allowed by law*, pre-verdict * * * interest on pecuniary damages shall be computed as provided in clause (c) * * *." Minn.Stat. § 549.09, subd. 1 (emphasis added). This provision of section 549.09—"[e]xcept as otherwise

provided by contract or allowed by law"—pinpoints the salient question as to whether the no-fault provision that "[o]verdue payments shall bear simple interest at the rate of 15 percent per annum," Minn.Stat. § 65B.54, subd. 2, refers to prejudgment interest "otherwise * * * allowed by law" under section 549.09.

Illinois Farmers concedes that subdivision 2 of section 65B.54 serves a penalty function, but it argues that it also serves a compensatory function and, thus, is prejudgment interest. Illinois Farmers is perfectly logical in its contention that subdivision 2 can serve both compensatory and penal purposes. Resolution of this issue thus becomes a question of policy.

Burniece, however, argues that section 65B.54, subd. 2, is a penalty and, therefore, cannot be interest. *See General Mills, Inc. v. State [In re Defenses and Objections to Personal Property Taxes for 1969 Assessment]* 303 Minn. 66, 70, 226 N.W.2d 296, 299 (1975). Although this court has referred to the amount payable under section 65B.54, subd. 2, as a penalty, *Streich v. American Family Mut. Ins. Co.,* 358 N.W.2d 396, 400 (Minn.1984); *Haagenson v. National Farmers Union Property and Casualty Co.,* 277 N.W.2d 648, 653 (Minn.1979), we have also referred to it as interest, *Reed v. Continental Western Ins. Co.,* 374 N.W.2d 436, 438 n. 4 (Minn.1985); *Record v. Metropolitan Transit Comm'n,* 284 N.W.2d 542, 547–48 (Minn.1979), and the statute itself uses the term "interest," Minn.Stat. § 65B.54, subd. 2. While interest is not a penalty, interest may serve a penal function. *See Black's Law Dictionary* 730 (5th ed. 1979) ("Interest is exaction for past-due obligations and in essence is in the nature of a penalty; it is compensation for delay in payment").

Prejudgment interest essentially serves a dual purpose: (1) to compensate the plaintiff for the loss of use of his money, and, by implication, to deprive the defendant of any gain resulting from the use of money rightfully belonging to the plaintiff; and (2) to promote settlement. *Stroh Container Co. v. Delphi Indus.,* 783 F.2d 743, 752 (8th Cir.1986). Interest payable under Minn.Stat. § 65B.54, which is modeled on section 23(b) of the Uniform Motor Vehicle Accident Reparation Act ("UMVARA"), also has a dual purpose. It is to compensate the consumer for the use of the funds and to encourage prompt payment of benefits. *See* UMVARA § 23 commissioners' comment (1972). Section 65B.54, subd. 2, interest is paid on amounts due but not paid, and compensates the insured for the loss of use of his money and is, therefore, prejudgment interest that precludes the award of additional prejudgment interest.

While resolution of this issue becomes a question of policy, in making that decision we cannot escape the unambiguous words of the statute. Within section 549.09 the legislature expressly forbade an award of prejudgment interest under that section when interest is "otherwise provided by contract or allowed by law."

We therefore reverse the court of appeals and hold that interest on overdue basic economic loss benefits under Minn. Stat. § 65B.54, subd. 2, is prejudgment interest, precluding the award of additional prejudgment interest.

Reversed.