**Jack E. ENGEL, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

No. C1–89–2044.

Court of Appeals of Minnesota.

May 15, 1990.

Review Denied July 13, 1990.

Susan Bedor, Mark A. Wendorf, Reinhardt and Anderson, St. Paul, for appellant.

Eric J. Magnuson, Amy K. Adams, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by
FORSBERG, P.J., and LANSING and SCHULTZ,* JJ.

## OPINION

LANSING, Judge.

This is an action to recover income loss benefits under a no-fault insurance policy. In granting summary judgment for the insurer the trial court concluded: (1) that the six-year statute of limitations does not bar the action; (2) that the notice provision is unambiguous and does not implicate the reasonable expectations doctrine and (3) although the policy misstated the insured's coverage and may have caused the insured to mistakenly believe that his injuries were

not covered, the notice provision still applies.

The statute of limitations issue was not appealed. Although we agree with the trial court's conclusion that the reasonable expectations doctrine would not eliminate the requirement of reporting an accident for which coverage is stated in the policy, we do not agree that the six-month notice provision applies to defeat coverage required by statute but omitted from the policy.

## FACTS

Appellant, Jack E. Engel, was employed by American Freight as an over-the-road truck driver. On November 21, 1982, while driving his employer's vehicle, Engel was injured in a traffic accident. These injuries caused Engel to be disabled from work for approximately one year. At the time of the accident, Engel's average weekly wage was $760. He received $267 per week in worker's compensation benefits during his disability, resulting in an uncompensated income loss of approximately $493 per week.

On the date of his accident, Engel had two vehicles insured by American Family Mutual and his policy entitled him to stack economic loss coverage. The stacking increased Engel's income loss coverage from $200 to $400 per week. *See Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913 (Minn.1978). *Streich v. American Family Mutual Insurance Co.,* 358 N.W.2d 396 (Minn.1984). Because his weekly income loss exceeded his weekly worker's compensation benefits, Engel was entitled to income loss benefits under American Family's policies. Minn.Stat. § 65B.61, subd. 2.[1]

Engel's American Family policies contained a notice provision requiring the insured to notify the insurer of an accident within six months. *See* Minn.Stat. § 65B.55, *Terrell v. State Farm Insurance*

---

*  Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1.  Although the issue of basic coverage was not disputed or decided in the summary judgment motion, the trial court's order assumes underlying coverage. Minn.Stat. § 65B.44, subd. 3 (1981) entitled Engel to 85% of his gross weekly income loss subject to the $10,000 policy limit and the $200.00 weekly maximum.

Co., 346 N.W.2d 149 (Minn.1984); *Andros v. American Family Mutual Insurance Co.*, 359 N.W.2d 46 (Minn.App.1984), *pet. for rev. denied* (Minn. April 12, 1985). Engel admits that no notice was provided to the insurer prior to the service of the summons and complaint on December 21, 1987.

## ISSUE

Whether an insured who fails to give timely notice will be denied coverage under a policy when the policy language not only fails to inform the insured of the full extent of statutorily mandated coverage but would lead an insured to reasonably believe the mandated coverage did not exist under the policy.

## ANALYSIS

### I.

■ Engel first claims that the notice provision of the policy is ambiguous because it fails to specify a penalty for failure of compliance and that the "reasonable expectations doctrine" formulated in *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn.1985) should apply. The language used in the notice provision of the policy does not precisely follow the statutory language set forth in Minn.Stat. § 65B.55, subd. 1. The statute states that a policy "may prescribe a period of not less than six months * * * within which an insured * * * *must notify*" the insurer of a claim for economic loss. *Id.* (emphasis added). Engel contrasts the statutory language with the wording contained in his American Family policy. The Quick Reference portion of the policy states "If you have an auto accident or loss, notify us, tell us promptly."

Although we acknowledge that adding the word "must" results in a clearer directive, we do not agree that the insurance

contract's failure to use the language of the statute creates ambiguity. The policies provided by American Family are plain language policies, using short imperative declarations. The first paragraph states that the "policy is a legal contract" and details the rights and duties of the insured and insurer. It also admonishes the insured to "[r]ead your policy carefully." The "General Provisions" of the personal injury protection endorsements state that unless all the terms of the endorsements are complied with the insurer may not be sued. One of those terms states specifically: "If you have an accident, tell us within six months. Give time, place and details." A plain reading of the policy taken as a whole, ascribing ordinary meanings to its words, compels the conclusion that the contract clearly requires an insured to report an accident within six months or be barred from suing for benefits.

Although ambiguity or hidden exclusion are not the only conditions that give rise to the *Atwater* doctrine,[2] we see no other facts or circumstances in the notice provision itself that would justify a reasonable expectation of coverage beyond the notice period. Consequently we agree with the trial court's initial determination that standing alone, with no other hidden exclusions or peculiar circumstances, the notice provision requires compliance in order to compel coverage.

■ The more difficult issue is whether the notice provision can be applied to defeat coverage when the policy not only fails to inform the insured of the full extent of statutorily mandated coverage but leads the insured to reasonably believe the mandated coverage did not exist under the policy. Engel's PIP endorsement provides:

PERSONAL INJURY PROTECTION COVERAGE

We will pay, in accordance with the Minnesota no-fault automobile insurance

---

**2.** *Atwater* identified ambiguity as a factor in determining the reasonable expectations of the insured rather than a prerequisite in the application of the doctrine. This broader scope was reiterated in the recent case of *Hubred v. Control Data Corporation*, 442 N.W.2d 308, 311 (Minn.1989):

It is true that nothing in our opinion in *Atwater* suggests that the doctrine of reasonable expectations is not to be applied except in the presence of peculiar circumstances such as ambiguity or hidden exclusion.

act, personal injury protection benefits for

\* \* \* \* \* \*

2. work loss.

\* \* \* \* \* \*

incurred for bodily injury to an eligible injured person caused by an accident due to the maintenance or use of a motor vehicle as a vehicle.

\* \* \* \* \* \*

Exclusions: This coverage does not apply to:

\* \* \* \* \* \*

5. Bodily injury to anyone due to the maintenance or use of a motor vehicle other than the insured motor vehicle.

a. Being used in the business of transporting persons or property.

b. Furnished by the employer or named insured or relative.

These exclusions parallel the circumstances the Engel's accident. As the trial court concluded, the exclusions in American Family's policy would cause an insured, who, as in this case, is driving an employer-owned vehicle, to believe he would not be eligible for coverage under the terms of the policy when in fact coverage exists.

This juxtaposition, although different from the circumstances of *Atwater*, may implicate related policy considerations. Unlike *Atwater*, we are not asked to read coverage into a policy because technical policy definitions resulted in a hidden exclusion. We are asked instead to give effect to existing economic loss protection, denied in the plain language of the policy, resulting in hidden coverage.

Minnesota has for some time recognized that when a statute regulating the insurance industry requires a particular type of coverage, policy provisions to the contrary will not be given effect. *See Maryland Casualty Co. v. American Lumber & Wrecking Co.*, 204 Minn. 43, 282 N.W. 806 (1938). *See also* Minn.Stat. § 65B.49, subd. 8 (1984) and *Safeco Insurance Cos. v. Diaz*, 385 N.W.2d 845, 849 (Minn.App. 1986). The additional complexity presented by this case, of applying a mandatory no-tice provision to defeat undisclosed but existing coverage, raises concerns of "unconscionable advantage" alluded to briefly in *Atwater*.

The analysis in *Atwater* relied on theories by Robert E. Keeton. The court observed:

Professor Robert E. Keeton, in analyzing these and other insurance cases where the results often do not follow from the rules stated, found there to be two general principles underlying many decisions. These principles are the reasonable expectations of the insured and the unconscionability of the clause itself or as applied to the facts of a specific case.

*Atwater* at 276 (citing Keeton, *Insurance Law Rights at Variance with Policy Provisions*, 83 Harv.L.Rev. 961 (1970)). Although the facts in *Atwater* provided the court no opportunity to fully address the principle of unconscionability, it is evident from the court's reasoning that this principle, like that of reasonable expectations, deserves serious consideration. Indeed, the two principles are supported by the same underlying policy: to "place a burden on insurance companies to communicate coverage *and* exclusions of policies accurately and clearly." *Atwater* at 278 (emphasis added).

In discussing unconscionability of clauses, Keeton examines cases in which insurance contracts wrongfully purport to exclude coverage when in fact coverage exists. Keeton at 965, 966. Keeton points to *Bowler v. Fidelity & Cas. Co.*, 53 N.J. 313, 250 A.2d 580 (1969) as standing for the proposition that an insurer may not rely on a statute of limitations when a clause in the insurer's policy purports to exclude coverage in conflict with a court's prior interpretation of the clause. That court stated:

In situations where a layman might give the controlling language of the policy a more restrictive interpretation than the insurer knows the courts have given it and as a result the uninformed insured might be inclined to be quiescent about the disregard or non-payment of his claim and not to press it in a timely fashion, the company cannot ignore its

obligation. It cannot hide behind the insured's ignorance of the law; it cannot conceal its liability. In these circumstances it has a duty to speak and disclose, and to act in accordance with its contractual undertaking. The slightest evidence of deception or overreaching will bar reliance upon time limitations for prosecution of the claim.

*Bowler,* 53 N.J. at 327, 250 A.2d at 588.

We find this reasoning persuasive. Insurers should not be permitted to trap the unwary with misleading language. Summary judgment based on a failure to comply with a contractual six-month notice provision is not appropriate when the insured could reasonably conclude that his insurance did not cover his injuries and might therefore forego notification to his insurer.

█ American Family contends that there is no evidence in the record to support an argument that Engel's failure to provide notice resulted from reliance on the insurance policy's purported exclusions. We are not convinced this is the case. The record is consistent with Engel's claim that once he discovered coverage existed under the policy he immediately pursued his claim. The record also shows that Engel's belated notice on this claim is at odds with his timely notice for previous claims. This conduct would be sufficient to raise a question of material fact on whether the insured relied on the policy language in failing to give notice of the claim.

We also question whether redress is necessarily confined to detrimental reliance. *Atwater* recognizes a "reasonable expectation" which would not entail the conventional reliance factor of subjective belief. Inasmuch as insureds are held to the language of their policies or objectively determined expectations, it does not seem unreasonable to hold the insurer to an objective determination of the effect of the policy language.

We do recognize, however, that the sequence in which the issues were framed and decided has affected the focus and extent of the argument on the issue we find most significant. We also recognize that summary judgment in favor of American Family precluded a specific ruling on their additional theories of laches, worker's compensation as the exclusive remedy and exclusivity of the employer-furnished vehicle coverage. These circumstances weigh in favor of a remand to the trial court for further consideration on whether the traditional elements of estoppel apply in the context of omitted coverage and to permit American Family to raise their additional defenses.

## DECISION

We affirm the trial court's determination that the notice language in itself does not violate *Atwater*'s reasonable expectations doctrine, but hold that the notice provision may not be applied to bar an insured from obtaining existing coverage when the language would lead the insured to reasonably believe it was omitted. We reverse the summary judgment for the insurer and remand to the trial court for further proceedings.

Affirmed in part, reversed in part and remanded.