**Tamala Jo RYAN, a minor by her father and natural guardian, Dennis Ryan, and Dennis Ryan, individually, Plaintiffs,**

v.

**McDONOUGH POWER EQUIPMENT, INC., Defendant and Third-Party Plaintiff,**

v.

**Thomas Leo DOMBROVSKI and Zelda Ryan, Third-Party Defendants.**

No. Civ. 6–81–373.

United States District Court,
D. Minnesota,
Sixth Division.

July 14, 1982.

Alfred J. Weisbrod, Alfred J. Weisbrod, Co., L. P. A., Troy, Ohio, Diane C. Hanson, Schwebel, Goetz, Sieben & Hanson, P. A., Minneapolis, Minn., for plaintiffs.

Martin N. Burke, James A. O'Neal, Faegre & Benson, Minneapolis, Minn., for defendant and third-party plaintiff McDonough Power Equipment, Inc.

Richard D. Allen, Richard D. Allen, Ltd., Minneapolis, Minn., for third-party defendant Thomas Leo Dombrovski.

Keith A. Dunder, Mahoney, Dougherty & Mahoney, Minneapolis, Minn., for third-party defendants Zelda Ryan and Dennis Ryan.

## MEMORANDUM

DEVITT, Senior District Judge.

This is an action by a minor against a lawnmower manufacturer for injuries sustained when her right foot came in contact with a mower blade. Defendants Dennis and Zelda Ryan requested the jury be instructed according to the parental immunity standard established in *Silesky v. Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968) arguing that the "reasonable parent" standard in *Anderson v. Stream*, 295 N.W.2d 595 (Minn.1980) did not apply to this case. Defendant's motion for the *Silesky* instruction was denied; the jury was given the *Anderson* "reasonable parent" instruction.[1]

The injury occurred on June 10, 1980. *Anderson* was decided on July 3, 1980. Therefore, the issue is whether *Anderson* is to be applied retroactively or prospectively.[2]

In Minnesota, parent-child immunity was abolished in three stages. In *Balts v. Balts*, 273 Minn. 419, 434, 142 N.W.2d 66, 75 (1966), the Minnesota Supreme Court held that a child was no longer immune from being sued by the parents. *Id.* The court stated that the new rule was to be applied prospectively. *Id.* In *Silesky*, the court held that a parent was no longer immune from being sued by its child subject to the following exceptions:

"(1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care . . . ."

281 Minn. at 442, 161 N.W.2d at 638. The court stated that the new rule was to be applied prospectively. *Id.* at 443, 161 N.W.2d at 638.

In *Anderson* the Minnesota Supreme Court abolished the doctrine of parental

---

1. "The claim has been made that Tamala Joe Ryan's parents, Dennis Ryan and Zelda Ryan, were negligent in the care of their child. To find that either Dennis Ryan or Zelda Ryan were negligent you must find they failed to do what a reasonable and prudent parent would have done under similar circumstances."

2. When a rule of law is retroactively overruled the new rule is applied to the case before the court and to all cases that reach final adjudication after the date of the overruling decision. When a rule of law is prospectively overruled the new rule is applied to the case before the court and to causes of action arising after the date of the overruling decision. *See generally* Note, *The Retroactivity of Minnesota Supreme Court Personal Injury Decisions*, 6 Wm. Mitchell L.Rev. 179 (1980).

immunity, overruled *Silesky*, and adopted a "reasonable parent" standard: "what would an ordinarily reasonable and prudent *parent* have done in similar circumstances?" 295 N.W.2d at 599, 601 (emphasis in original). Unfortunately, the *Anderson* court did not indicate whether its decision was to be applied retroactively or prospectively.

"The general rule is that, absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively, the decision is to be given retroactive effect." *Hoff v. Kempton*, 317 N.W.2d 361, 363 (Minn.1982). *See generally* Note, *The Retroactivity of Minnesota Supreme Court Personal Injury Decisions*, 6 Wm. Mitchell L.Rev. 179 (1980). When a tort immunity is abolished, however, "courts usually apply their rulings prospectively because litigants have justifiably relied on prior case law." *Wegan v. Village of Lexington*, 309 N.W.2d 273, 283 (Minn.1981) (Amdahl, J., concurring specially).

The key to the exception to retroactive overruling recognized in immunity cases is justifiable reliance. Absent justifiable reliance there is no reason to apply the exception.

Although *Anderson* involved the abolition of a tort immunity, the Minnesota Supreme Court began to erode parent-child immunity in 1966 in *Balts*. Two years later in *Silesky* the court essentially abolished parental immunity except for two circumstances. Because the court signaled the demise of parent-child immunity twelve years before this accident occurred, there could have been no justifiable reliance on the immunity. Moreover, the two exceptions in *Silesky* were "by no means clear;" they were "vaguely worded [and] highly subjective." *Anderson*, 295 N.W.2d at 598. Therefore, there could not have been any justifiable reliance on these exceptions.[3]

Because there could have been no justifiable reliance, there is no reason to apply the exception to retroactive overruling. Therefore, the court holds that *Anderson* is to be applied retroactively and that the "reasonable parent" standard is the appropriate standard in this case.

---

**3.** It may be that the "reasonable parent" standard in *Anderson* is not, in effect, different from the standard in *Silesky*.

The determinative consideration upon which we rest our decision is that the areas of parental authority and discretion, for which the *Silesky* exceptions were designed to provide safeguards, can be effectively protected by use of a "reasonable parent" standard . . . .

*Anderson*, 295 N.W.2d at 598. If, as a practical matter, *Anderson* is not an overruling of *Silesky*, but rather a clarification, the retroactivity issue becomes moot.