**In re the MARRIAGE OF Christine CASPER, petitioner, Respondent.**

**Winona County Department of Human Services, Respondent,**

v.

**Michael Edward Casper, Appellant.**

**No. C9–98–1781.**

Court of Appeals of Minnesota.

May 18, 1999.

Nancy L. Buytendorp, Assistant County Attorney, Winona County Courthouse, Winona, for respondent Winona County Department of Human Services.

Karin L. Sonneman, Sonneman & Sonneman, P.A., Winona, for appellant.

Considered and decided by HARTEN, Presiding Judge, RANDALL, Judge, and ANDERSON, Judge.

## OPINION

RANDALL, Judge.

Appellant argues the administrative law judge (ALJ) erred when he refused to credit social security disability benefits paid on behalf of his minor daughter against child support arrearages that accrued before this court's decision in *Holmberg v. Holmberg*, 578 N.W.2d 817 (Minn.App.1998), *aff'd*, 588 N.W.2d 720 (Minn.1999). In addition, appellant argues the ALJ abused his discretion when the ALJ ordered him completely responsible for unreimbursed medical and dental support for the minor child and ordered he pay $50 per month for ongoing medical support. We affirm in part, reverse in part, and remand.

## FACTS

Following the dissolution of the parties' marriage, respondent Christine Casper was granted physical custody of the parties' two minor children, including A.C. Appellant Michael Edward Casper was ordered to pay $400 in monthly child support if he was employed or $200 if unemployed. On several occasions, appellant did not meet his obligations and accrued substantial arrearages. These arrearages were eventually reduced to judgment.

In January 1996, appellant was unable to continue working in the construction industry after he was diagnosed with major depression. He applied for social security disability benefits from the Social Security Administration (SSA). His application was granted in July 1997, and he became eligible for benefits beginning in May 1996. Appellant was unable to make his support payments and went into arrears while his application for disability benefits was pending.

The ALJ found that appellant's gross monthly social security disability benefits total $1,267. The ALJ also found that respondent earns sporadic income as a graphic artist and that A.C., who lives with respondent, receives $317 per month in dependent social security disability benefits from appellant's account directly from the SSA. In August 1997, A.C. received a lump sum payment of $4,587 from the SSA to cover her monthly benefits for the period her father's application was pending (May 1996 through July 1997).

On April 6, 1998, appellant filed a request for an administrative action to decrease his child support, to stop the cost of living adjustment, and to initiate income withholding. A child support officer had previously served a proposed order for modification of child support on the parties on January 22, 1998. The parties requested an administrative conference, but were unable to reach an agreement regarding child support. A hearing was held before an ALJ on July 16, 1998. The ALJ issued his order on August 12. Appellant filed his notice of appeal on September 30, 1998.

## ISSUES

1. Does the decision in *Holmberg v. Holmberg*, 578 N.W.2d 817 (Minn.App.1998), *aff'd*, 588 N.W.2d 720 (Minn.1999), apply retroactively to allow a disabled obligor to receive credit for social security benefits paid on behalf of a minor child before the date of that decision?

2. Did the ALJ abuse its discretion when it ordered appellant responsible for all unreimbursed medical and dental expenses and ordered him to pay $50 per month for ongoing medical expenses?

## ANALYSIS

 Decisions made in the administrative child support process are appealable in the same manner as decisions of the district court, and this court applies the same stan-

dards of review to ALJ decisions as applied to district court decisions. *Holmberg v. Holmberg*, 578 N.W.2d 817, 821–22 (Minn. App.1998), *aff'd*, 588 N.W.2d 720 (Minn.1999). This court reviews questions of law de novo. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

## I.

In *Holmberg*, this court overruled precedent and held that an obligor whose sole income is from social security disability benefits is entitled to a credit for social security benefits paid on behalf of the obligor's children from the obligor's account. 578 N.W.2d at 827. The *Holmberg* decision overruled this court's earlier decision in *In re Marriage of Haynes*, 343 N.W.2d 679 (Minn.App.1984). *Id.* The *Haynes* decision held that a child's receipt of social security benefits from the obligor's account "[did] not constitute payment[ ] from that parent." *Haynes*, 343 N.W.2d at 682. The parties do not dispute that *Holmberg* overruled *Haynes*. The question presented is whether the decision in *Holmberg* applies retroactively to allow a disabled obligor to receive credit for social security benefits paid on behalf of a minor child before the date of that decision.

■ The county argues that the lump sum social security benefits received by A.C. cannot be used to offset appellant's child support arrearages that accrued before the decision in *Holmberg* because the court in *Holmberg* did not specifically pronounce the decision was to be applied retroactively.

The general rule is that, absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively only, the decision is to be given retroactive effect.

*Hoff v. Kempton*, 317 N.W.2d 361, 363 (Minn. 1982) (citations omitted). This rule was first articulated when the Minnesota Supreme Court stated:

It is the law that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation— the overruled decision is regarded in law as never having been the law, but the law as given in the later case is regarded as having been the law, even at the date of the erroneous decision * * *.

*Hoven v. McCarthy Bros. Co.* 163 Minn. 339, 341, 204 N.W. 29, 30 (1925).

The court in *Holmberg* was not required to state that its decision applied retroactively. The law presumes retroactive application. If the court in *Holmberg* intended that its decision was not to be applied retroactively, it was required to state that the decision was to be given prospective effect only. *See Hoff*, 317 N.W.2d at 363 (stating generally "absent * * * specific pronouncements by the overruling court that its decision is to be applied prospectively only, the decision is to be given retroactive effect" (citations omitted)). The *Holmberg* court did not do so.

The county argues that special circumstances exist that preclude retroactive application of *Holmberg*. The county insists that applying the new rule retroactively will (1) retard its operation because many child support litigants, as well as child support agencies, have relied on the old rule when calculating child support; (2) be unfair to custodial parents because the funds are likely long since spent; and (3) create a hardship and injustice to custodial parents who have relied on and budgeted according to the old rule.

■ In determining whether an exception to the general rule should apply, we apply the three-part test set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). *Hoff*, 317 N.W.2d at 363.

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed * * *. Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' * * * Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases

for avoiding the "injustice or hardship" by a holding of nonretroactivity.'"

*Id.* (quoting *Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355 (citation omitted)).[1]

■ The county's argument implies that the dependent child and custodial parent will be required to refund any social security dependent disability benefits paid on behalf of the child to the child support obligor if the obligor was making child support payments during the same period. This is not the case. As the court stated in *Holmberg,* "[i]f the credit exceeds [the obligor's] support obligation, [the obligor] is not entitled to recover the difference from the child or the custodial parent. *Newman,* 451 N.W.2d at 844." Under *Holmberg,* to the extent a support obligor's payment and the amount paid to or on behalf of the child exceed the obligor's child support obligation, the excess is deemed "a gratuity" and not recoverable by the obligor. *See id.* ("[t]he receipt of excess government benefits over the monthly child support obligation is equitably deemed a gratuity to the children") (quoting *Newman v. Newman,* 451 N.W.2d 843, 844 (Iowa 1990)). The dependent child and custodial parent would be entitled, as an equitable gratuity, to keep any child support payments that were received both from the obligor and the SSA. Thus, there is no hardship in this regard. Similarly, to the extent that appellant seeks a refund of any excess payments, he is not entitled to any such refund.

The county alleges that retroactive application of the decision in *Holmberg* would work a hardship on custodial parents who have budgeted according to the old rule. The county offers no evidence, just this broad assertion. As the county concedes, appellant's child support arrearages would not be affected because appellant became current in his obligations once the lump sum payment to A.C. was made in August 1997, covering the months while appellant's application for disability benefits was pending. The lump sum payment effectively erased the arrearages accrued for the period from May 1996 through July 1997. The retroactive application of *Holmberg* would not apply to any arrearages that may have accrued before appellant went on disability benefits. We can find no hardship by retroactive application of the *Holmberg* decision.

Further, to hold otherwise would work an undue hardship on disabled obligors. As the court in *Holmberg* observed:

> [W]here an obligor * * *, whose sole income is from disability benefits, is denied a credit against his support obligation, he must pay support from those benefits. Because [the obligor's] child already receives similar benefits as a disability dependent, [the obligor] receives fewer benefits than were intended while his child receives more. A majority of jurisdictions now recognize that such a result would be inequitable and allow a credit against a support obligation for benefits paid on behalf of a child.

*Holmberg,* 578 N.W.2d at 826–27 (citations omitted).

■ In sum, there are no special circumstances present warranting an exception to the general rule that a decision overruling past precedent is to be applied retroactively. We conclude that the decision in *Holmberg* is to be applied retroactively. On remand, the ALJ shall credit appellant social security disability benefits paid on behalf of his minor daughter against child support arrearages that accrued while his application for disability benefits was pending.

## II.

■ Finally, appellant argues the ALJ abused his discretion when he ordered appel-

---

1. We note that in *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993), the United States Supreme Court overruled the *Chevron Oil* test and adopted a strict rule requiring retroactive application of new decisions to all cases still subject to direct review. Although the *Chevron Oil* test is no longer good law in the federal courts, it is still the law in Minnesota because the Minnesota Supreme Court has not overruled its decision in *Hoff* or adopted a new test for determining retro-activity. *See St. Aubin v. Burke,* 434 N.W.2d 282, 284 (Minn.App.1989) (refusing to adopt new rule of law, noting under Minnesota Court of Appeals Internal Rules this court will make new law "[o]nly when there are no statutory or judicial precedents to follow"), *review denied* (Minn. Mar. 29, 1989); *see also In re Application of Minnegasco,* 566 N.W.2d 727, 731 (Minn.App.1997) (applying *Chevron Oil* test as adopted by *Hoff* after *Chevron Oil* was reversed).

lant to be completely responsible for unreimbursed medical and dental expenses and that he pay $50 per month for ongoing medical support. Appellant contends that the ALJ's findings do not support his order because the ALJ's finding that appellant and the parties' other child's monthly living expenses were met by handouts and help from friends is inconsistent with the conclusion of law that there has been a substantial change in circumstances that renders the existing child support order unreasonable and unfair.

■ The medical needs of a minor child, including insurance coverage, "are in the nature of child support." *Korf v. Korf*, 553 N.W.2d 706, 708 (Minn.App.1996) (citations omitted). The district court has discretion in determining child support obligations, and its decision will not be reversed absent an abuse of discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

If the court finds that dependent health or dental insurance is not available to obligor or the obligee on a group basis or through an employer or union, or that group insurance is not accessible to the obligee, the court may require the obligor (1) to obtain other dependent health or dental insurance, (2) to be liable for reasonable and necessary medical or dental expenses of the child, or (3) to pay no less than $50 per month to be applied to the medical and dental expenses of the children or to the cost of health insurance dependent coverage.

Minn.Stat. § 518.171, subd. 1(b) (1998).

Here, the ALJ found that appellant received a net monthly income of $1,267. The ALJ found that respondent Christine Casper receives monthly social security income in the amount of $317 on behalf of A.C. and earns only sporadic income as a graphic artist. The ALJ found that A.C. receives medical assistance and that neither appellant nor respondent Christine Casper has dependent medical or dental insurance coverage available.

Given the ALJ's findings, which appellant does not dispute, we are satisfied that the ALJ acted within his discretion under Minn. Stat. § 518.171, subd. 1(b), when he ordered appellant to be responsible for all unreimbursed medical and dental expenses and that

he pay $50 per month toward A.C.'s ongoing medical support.

### DECISION

The court in *Holmberg* did not specifically pronounce that its decision overruling past precedent was to be applied prospectively only. There are no special circumstances that compel prospective application of its holding. Therefore, the decision in *Holmberg* is to be given retroactive effect.

The ALJ did not abuse its discretion in requiring appellant to be responsible for unreimbursed medical and dental expenses.

**Affirmed in part, reversed in part, and remanded.**