**In re Petition to Transfer to Disability Status of Charles R. POWELL, a Minnesota Attorney, Registration No. 177702.**

**No. A09–17.**

Supreme Court of Minnesota.

Jan. 28, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility and respondent Charles R. Powell have entered into a stipulation for transfer of respondent to disability inactive status under Rule 28(a), Rules on Lawyers Professional Responsibility (RLPR), without further proceedings. The stipulation and a petition for transfer to disability inactive status have been filed in the above-entitled matter.

The court has reviewed the petition and stipulation and concludes that transfer to disability inactive status is appropriate.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that effective immediately respondent Charles R. Powell is transferred to disability inactive status under Rule 28, RLPR. During the period that respondent is on disability inactive status, respondent may not render legal advice, discuss legal matters with clients, or otherwise engage in the practice of law. Respondent shall make arrangements for notice of his disability inactive status to be provided to clients, opposing counsel, and tribunals as required by Rule 26, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice

■

**Garrett M. MARSHALL, Employee,**

v.

**STEINBRECHER PAINTING, INC., and Meadowbrook Claims Services, Relators,**

and

**Minnesota Department of Labor & Industry, Workers' Compensation Division, Respondent.**

**No. A08–1673.**

Supreme Court of Minnesota.

Jan. 28, 2009.

T. Michael Kilbury, Peterson, Logren & Kilbury, P.A., St. Paul, MN, for relators.

Lori Swanson, Atty. Gen., Rory H. Foley, Asst. Atty. Gen., St. Paul, MN, for respondent.

ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed August 26, 2008, be, and the same is, affirmed without opinion. *See Hoff v. Kempton,* 317 N.W.2d 361, 366 (Minn.1982) (explaining that "[s]ummary affirmances have no precedential value because they do not commit the court to any particular point of view," doing no more than establishing the law of the case).

BY THE COURT:

/s/Eric J. Magnuson
Chief Justice