**In re the Petition for Reinstatement to the Practice of Law of Charles R. POWELL, a Minnesota Attorney, Registration No. 177702.**

**No. A09–1166.**

Supreme Court of Minnesota.

June 23, 2010.

ORDER

On January 28, 2009, we transferred petitioner Charles R. Powell to disability inactive status, pursuant to a stipulation between petitioner and the Director of the Office of Lawyers Professional Responsibility. *In re Powell,* 759 N.W.2d 891, 891 (Minn.2009). Petitioner filed a petition for reinstatement to active status in June 2009, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel concluded that petitioner has proven by clear and convincing evidence that he is competent and psychologically fit to resume the active practice of law. The panel further concluded that petitioner has proven that he has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), and is current in continuing legal education requirements. The panel recommended that petitioner be reinstated to the practice of law and placed on probation for three years, subject to additional conditions.

The court has independently reviewed the file and approves the panel's recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective upon the date of filing of this order, petitioner Charles R. Powell is reinstated to the practice of law and placed on probation subject to the following conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by its due date. Petitioner shall provide the Director with a current mailing address and shall promptly notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. At the Director's request, petitioner shall provide authorization for the release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall maintain total abstinence from alcohol and other mood-altering chemicals, except that petitioner may use prescription drugs in accordance with the directions of a physician who is fully advised of petitioner's chemical dependency before issuing the prescription. If requested by the Director, petitioner shall undergo a chemical dependency evaluation by a treatment center acceptable to the Director and shall follow all recommendations of the evaluating treatment center.

(d) Petitioner shall attend weekly meetings of Alcoholics Anonymous or other out-patient chemical dependency treatment program acceptable to the Director. By the tenth day of each month, and without a specific reminder or request, petitioner shall submit to the Director, on a form provided by the Director, verification of petitioner's attendance, including the name, address, and telephone number of the person personally verifying petitioner's attendance. Such attendance verification shall also, upon request, be provided to petitioner's supervisor, if one is appointed.

(e) Petitioner shall initiate or continue treatment with a licensed consulting psychologist or other mental health pro-

fessional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

(f) Petitioner shall notify the Director at least one week before resuming the practice of law. Once petitioner commences the practice of law, petitioner shall be subject to probation for a period of three years under the following terms and conditions:

(1) Petitioner shall not practice law in a solo practice until he has practiced law for at least 12 months as an employee or partner of another licensed attorney, unless petitioner demonstrates to the satisfaction of the Director that he cannot find other employment as an attorney. Any attorney or firm with whom petitioner practices shall be informed of the terms of petitioner's probation.

(2) No more than four times a month, petitioner shall at his own expense submit to random urinalysis for drug screening at a facility approved by the Director. Petitioner shall instruct the drug screening facility to provide the results of all urinalysis testing directly to the Director's Office. If all such tests have been negative for alcohol and other mood-altering substances, except for prescription drugs prescribed by petitioner's physician, for a period of six months, then the frequency of the random tests may be reduced at the Director's discretion. Petitioner shall cooperate with the phone-in program established by the Director for random testing. Any failure to phone-in, in accordance with the random test program, shall be considered the same as receipt of a positive test result. Any positive test result shall be grounds for the Director to seek to revoke this probation.

(3) Within one week before commencing the practice of law, petitioner shall at his own expense submit to a blood test for prescription medication at a facility approved by the Director. Thereafter, at the Director's request petitioner shall submit to random blood test screening for the presence of prescription medication at a facility approved by the Director. The Director may request such test screening no more frequently than once in a calendar month. Petitioner shall direct the screening facility to provide the results of the blood test directly to the Director's Office. If all such tests show that petitioner has complied with the drug regimen prescribed by his treating physician for a period of one year, at the Director's discretion the frequency of random testing may be reduced. Petitioner shall cooperate with the phone-in program established by the Director for random testing. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a test result showing noncompliance. Any test showing noncompliance shall be grounds for the Director to seek revocation of petitioner's probation.

(4) During any period in which petitioner practices law as a solo practitioner during the period of probation, petitioner shall be subject to supervision by a licensed attorney, subject to the following additional conditions:

(i) Not less than two weeks before petitioner begins a solo law practice, petitioner shall provide the Director with the names of four attorneys who have agreed to act as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall on the

first day of each month provide the Director with an inventory of client files as described in subparagraph (ii) below. Petitioner shall make active client files available to the Director upon request.

(ii) Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, petitioner shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(iii) Within 30 days of beginning his solo practice, petitioner shall provide the Director and the probation supervisor with a written plan outlining office procedures designed to ensure that petitioner complies with the probation requirements. Petitioner shall provide progress reports as requested by the Director or the probation supervisor.

BY THE COURT:

/s/Alan C. Page
Associate Justice