capricious, and the interim ordinance was valid.

Because we conclude that the City's interim moratorium ordinance was validly enacted, thereby placing a moratorium on the issuance of pawnbroker licenses, and under the current ordinance Pawn America does not meet the conditions for a pawnbroker license at the requested location, we hold that the district court did not err in concluding that the City is not required to issue a pawnbroker license to Pawn America.

Affirmed.

STRAS, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed April 12, 2010, be, and the same is, affirmed without opinion. *See Hoff v. Kempton,* 317 N.W.2d 361, 366 (Minn.1982) (explaining that "[s]ummary affirmances have no precedential value because they do not commit the court to any particular point of view," doing no more than establishing the law of the case).

Employee is awarded $1,200 in attorney fees.

BY THE COURT:

/s/Alan C. Page
Associate Justice

**Pamela A. WOLF, Respondent,**

v.

**BOSTON SCIENTIFIC CORPORA-
TION, and Liberty Mutual Insur-
ance Companies, Relators.**

No. A10–809.

Supreme Court of Minnesota.

Aug. 26, 2010.

Gary L. Manka, Katz, Manka, Teplinsky, Graves & Sobol, Ltd., Minneapolis, MN, for respondent.

Mary E. Kohl, Stacey A. Molde, Johnson & Condon, P.A., Minneapolis, MN, for relators.

**Robert Daniel GASSLER, Jr.,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A09–1534.

Supreme Court of Minnesota.

Sept. 2, 2010.

