Greg S. KOVENSKY, Respondent,

v.

LARRY'S AUTOS UNLIMITED and AP Capital Group/ASU Risk Management Services, Relators,

and

Main Motors, d/b/a Carlson Toyota, and Midwest Family Mutual Insurance, Respondents,

and

HealthPartners, Inc., Center for Diagnostic Imaging, Minnesota Department of Employment & Economic Development, Medical Advanced Pain Specialists, and Suburban Radiologic Consultants, Intervenors.

No. A11–2109.

Supreme Court of Minnesota.

May 8, 2012.

Matthew P. Bandt, Jardine, Logan & O'Brien, PLLP, Lake Elmo, Minnesota, for employer/appellant Larry's Autos Unlimited and insurer/appellant AP Capital Group/ASU Risk Management Services.

David M. Bialke, Law Office of David M. Bialke, Fridley, Minnesota, for employee/respondent Greg S. Kovensky.

T. Michael Kilbury, Peterson, Logren & Kilbury, P.A., St. Paul, Minnesota, for employer/respondent Main Motors d/b/a Carlson Toyota and insurer/respondent Midwest Family Mutual Insurance.

## ORDER

By order served and filed on June 16, 2010, a compensation judge ordered relator Larry's Autos Unlimited to pay workers' compensation benefits to respondent Greg S. Kovensky. The Workers' Compensation Court of Appeals (WCCA) dismissed as untimely an appeal brought by Larry's Autos and a cross-appeal brought by Kovensky. Larry's Autos sought reinstatement of its appeal, claiming that it was timely filed, and the matter was referred by the WCCA to the Office of Administrative Hearings, over the objection of respondent Main Motors, for further fact-finding. On the basis of additional factual findings by a compensation judge, the WCCA again dismissed Larry's Autos' appeal as untimely without reaching the merits of the compensation judge's initial findings of fact and conclusions of law as to Kovensky's claim for benefits.

The present appeal was commenced by writ of certiorari filed by relator Larry's Autos with the Clerk of Appellate Courts and served upon the WCCA. In its responsive statement of the case, respondent Main Motors seeks to raise the issue of whether the WCCA had jurisdiction to refer this matter to the Office of Administrative Hearings for further fact-finding after the WCCA initially dismissed Larry's Autos' appeal and Kovensky's cross-appeal as untimely.

Under Minn.Stat. § 176.471, subd. 1 (2010), "a party in interest who acts within 30 days from the date the party was served with notice of the order [of the WCCA] may have the order reviewed by the Supreme Court on certiorari." Under Minn. R. Civ.App. P. 116.03, subd. 1, two copies of a completed statement of the case must be attached to the petition for writ of certiorari. Further, under Minn. R. Civ.App. P. 116.03, subd. 1, the respondent's statement of the case, if any, must be served and filed within 14 days after service of the petitioner's statement of the case. However, the statement of the case is not a jurisdictional pleading and does

not expand the jurisdiction of this court on appeal. Because Main Motors failed to petition for a writ of certiorari in this matter, we do not consider the question of whether the WCCA erred in referring the matter for additional fact-finding.

Although respondent Kovensky did not petition this court for review by certiorari, he has filed a brief with our court as a "cross-appellant," challenging the initial determination of the compensation judge that he had not sustained a *Gillette*-type injury while working for respondent Main Motors. Kovensky filed a notice of cross-appeal with the WCCA from the findings of the compensation judge on his claim for benefits, but Kovensky's cross-appeal was dismissed as untimely by the WCCA along with the dismissal of the appeal of Larry's Autos. The WCCA's order of referral to the Office of Administrative Hearings for fact-finding references only the notice of appeal filed with the WCCA by Larry's Autos and does not instruct the compensation judge to determine whether Kovensky's notice of cross-appeal was timely. In addition, the WCCA's opinion after referral addresses only whether the appeal by Larry's Autos was timely filed and does not address the timeliness of Kovensky's cross-appeal. The WCCA did not address the merits of the compensation judge's findings with respect to Kovensky's claim for benefits. Accordingly, we do not consider the issues raised in Kovensky's brief. *See* Minn.Stat. § 176.471, subd. 1 (2010) (limiting the scope of our review of an order of the WCCA).

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed and served on October 28, 2011, be, and the same is, affirmed without opinion. *See Hoff v. Kempton,* 317 N.W.2d 361, 366 (Minn.1982) (explaining that "[s]ummary affirmances have no precedential value because they do not commit the court to any particular point of view," doing no more than establishing the law of the case).

BY THE COURT:

/s/_____

G. Barry Anderson
Associate Justice