STATE OF MINNESOTA

IN SUPREME COURT

A14-1521

OFFICE OF
APPELLATE COURTS

MAR 0 4 2015

FILED

Arrowhead Senior Living Community,
Self-Insured, administered by Berkley Risk
Administrators Co.,

Employer-Relator,

vs.

Carol J. Kainz,

Employee-Respondent.

---

Edward Q. Cassidy, Fredrikson & Byron, P.A., Minneapolis, Minnesota, for relator.

Steven T. Moe, Petersen, Sage, Graves, Layman & Moe, P.A., Duluth, Minnesota, for respondent.

---

Considered and decided by the court without oral argument.

ORDER

Respondent Carol Kainz fractured her ankle on a staircase at her workplace, and filed a claim for workers' compensation benefits. The sole contested issue before the compensation judge was whether Kainz's injuries "arose out of" her employment. *See* Minn. Stat. § 176.021, subd. 1 (2014). The compensation judge awarded benefits to Kainz, concluding that the injuries "arose out of" her employment. The Workers' Compensation Court of Appeals (WCCA) affirmed, relying on its previous decision in *Dykhoff v. Xcel Energy*, 2012 WL 6592145 (Minn. WCCA Nov. 29, 2012), which had

1

applied a "work-connection test" that balanced the "arising out of" element with the "in the course of" element to determine the compensability of a workplace injury. *See Kainz v. Arrowhead Senior Living Community*, 2013 WL 1704315 at *4 (Minn. WCCA Apr. 1, 2013). We stayed Arrowhead's appeal while we considered *Dykhoff*. After reversing the WCCA's decision in *Dykhoff*, *see Dykhoff v. Xcel Energy*, 840 N.W.2d 821 (Minn. 2013), we remanded this case to the WCCA for further consideration. *See Kainz v. Arrowhead Senior Living Community*, 843 N.W.2d 785 (Minn. 2014).

On remand, the WCCA again affirmed. *Kainz v. Arrowhead Senior Living Community*, 2014 WL 4253406 (Minn. WCCA Aug. 6, 2014). This time, the WCCA applied the "increased risk" test from our decision in *Dykhoff*, which requires an employee to show that her workplace "exposed her to a risk of injury that was increased over what she would face in her everyday life"—in other words, a "special hazard." 840 N.W.2d at 827.

The WCCA primarily relied on two factual findings to conclude that the injury in this case was compensable under the increased-risk test. First, the WCCA held that the compensation judge's finding that "[n]o handrails were on that portion of the stairway where [Kainz] inverted and twisted her ankle" was supported by substantial evidence in the record. After our review of the record, however, we conclude that this finding is "manifestly contrary to the evidence." *Pelowski v. K-Mart Corp.*, 627 N.W.2d 89, 92 (Minn. 2001). Specifically, the WCCA failed to observe that the compensation judge's findings were self-contradictory. In his order, the compensation judge found that the injury occurred on the sixth step out of twelve on the stairway, where there was "[n]o

2

handrail[]," yet also found that the handrails extended "about two-thirds" of the way down the staircase. Both findings cannot be true; one or the other must be incorrect. The WCCA also relied on photographic evidence to conclude that the compensation judge's "no-handrails" finding was not clearly erroneous. However, we have reviewed the photographic evidence in the record, which conclusively shows that the handrails extend all the way down the staircase.

Second, the WCCA relied on Kainz's testimony that the staircase was "kind of steep" to hold that the injury was compensable under the increased-risk test. However, the compensation judge did not make a finding regarding the steepness of the stairs, and there is potentially conflicting evidence in the record (including the photographs) regarding whether the stairs are so steep that they presented a "special hazard" for Kainz. Of course, when the compensation judge made his findings, he did not have the benefit of our decision in *Dykhoff*.

Because the WCCA's decision was "manifestly contrary to the evidence," *see Pelowski*, 627 N.W.2d at 92, we reverse. To give the compensation judge an opportunity to reconsider his decision in light of *Dykhoff*, we remand to the compensation judge for further proceedings consistent with this order.

Therefore, based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed August 6, 2014, be, and the same is, reversed, and the matter is remanded to the compensation judge for the purpose of reconsideration consistent with this order and with *Dykhoff v. Xcel Energy*, 840 N.W.2d 821 (Minn. 2013). *See Hoff v.*

3

*Kempton*, 317 N.W.2d 361, 366 (Minn. 1982) (explaining that summary dispositions "have no precedential value because they do not commit the court to any particular point of view," doing no more than establishing the law of the case).

Dated: March 4, 2015

BY THE COURT:

David R. Stras
Associate Justice

LILLEHAUG, J., took no part in the consideration or decision of this case.